# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**

    Plaintiff,

v.                            Case No.   19-CV-827

**BRIAN GREFF,
ANTHONY MELI, and
LT. JESSIE SCHNEIDER,**

    Defendants.

## ORDER

The plaintiff, Nate A. Lindell, is a Wisconsin state prisoner representing himself. On May 4, 2020, United States District Judge Lynn Adelman allowed Lindell to proceed on a retaliation claim against defendants Brian Greff, Anthony Meli, and Jessie Schneider based on their alleged agreement to keep Lindell in an unfavorable segregation status until he stopped filing grievances and lawsuits. On May 20, 2020, Judge Adelman referred the case to this court to handle pretrial proceedings. (ECF No. 16.) Lindell's joint motion to compel discovery and stay summary judgment (ECF No. 23) and his motion for sanctions (ECF No. 30) are before the court.

On May 28, 2020, the defendants filed a motion for summary judgment on the ground that Lindell did not exhaust his administrative remedies. (ECF No. 17.) On June 2, 2020, the court granted the defendants' motion to stay merits discovery while their summary judgment motion is pending. (ECF No. 22.)

In his June 26, 2020 motion to compel and stay Lindell requests the court stay resolution of the defendants' summary judgment motion until they provide discovery relevant to the exhaustion issue. (ECF No. 23 at 1.) Lindell contends that the defendants should be obliged to provide the records for the grievances Lindell alleges he has filed about his claim, as well as inmate complaints submitted by other Waupun Correctional Institution prisoners between January 1, 2012, and January 1, 2014, about their attempts to file inmate complaints being impeded, obstructed, or retaliated against by Waupun staff. (Id. at 2.) Lindell filed a declaration which includes a list of twelve inmate complaints he says he filed, and one inmate complaint that he says he submitted but that staff did not file, regarding the claim he is proceeding on in this case. (ECF No. 24 at 1.) He also says that, if allowed to conduct discovery, he believes he will be able to show that he thoroughly exhausted all available administrative remedies, and that Waupun officials and the defendants aggressively fought to deter all prisoners from exhausting. (Id. at 2.)

The defendants filed a joint response to Lindell's motions and reply to their motion for summary judgment. (ECF No. 25.) They point out that Lindell never requested any discovery from them (nor did he attempt to meet and confer) before filing his motion to compel. (Id. at 1.) The defendants also supply the twelve inmate complaints that Lindell requested. They contend that, based on these inmate complaints, the court should grant their motion for summary judgment on exhaustion grounds. (Id. at 3-4.)

In reply Lindell contends that, while it is helpful that the defendants provided the files for the inmate complaints that prison staff actually filed and processed, they did not provide the inmate complaint that he submitted that was returned, nor did they provide the inmate complaint he submitted that was "utterly ignored." (ECF No. 28 at 2.) Lindell also states that the defendants failed to provide discovery that reveals whether Waupun's staff and/or the defendants obstructed other prisoners from filing inmate complaints. (*Id.*)

The court will deny Lindell's motion to compel discovery. He did not submit any discovery requests to the defendants on the exhaustion issue. Nor did he, before filing his motion, meet and confer with the defendants in an effort to resolve any dispute over information he requests, as required by Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37. Notwithstanding the absence of any request from Lindell, the defendants have nonetheless provided him with the bulk of information he mentions in his motion. If he wants more, and if the information sought is relevant to the exhaustion issue, he must submit a specific request to the defendants.

The court construes Lindell's motion to stay as a motion for extension of time to respond to the defendants' motion for summary judgment so as to give him time to receive from the defendants the additional information he seeks. The court will grant the motion, but it emphasizes that the discovery is to be limited to the issue of whether Lindell exhausted all available administrative remedies before he filed this lawsuit.

On July 20, 2020, Lindell filed a motion for sanctions. (ECF No. 30.) He requests that the court issue sanctions against Emily Davidson and Assistant Attorney General (AAG) Held for pursuing a frivolous defense in support of the defendants' motion for summary judgment. (ECF No. 30.) Lindell states that Davidson falsely stated that Lindell filed only one grievance about his claims, while the evidence is clear that he filed over ten grievances about his claim. Lindell also contends that AAG Held argued for dismissal based on Davidson's perjurious declaration, without doing a reasonable inquiry. The defendants' response explains that Davidson and counsel for defendants had no reason to think any inmate complaints concerned retaliation based on the descriptions in the Inmate Complaint History Report. (ECF No. 31 at 1.) The court will deny Lindell's motion for sanctions.

**THEREFORE, IT IS ORDERED** that Lindell's motion to compel discovery (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell may conduct discovery limited to the issue of whether he exhausted his administrative remedies. The deadline for exhaustion-related discovery is **September 21, 2020**.

**IT IS FURTHER ORDERED** that Lindell's motion to stay motion for summary judgment (ECF No. 23) is construed as a motion for extension of time to respond to defendants' motion for summary judgment and is **GRANTED**. Lindell's response to the defendants' motion for summary judgment is due on or before **October 23, 2020**.

4

**IT IS FURTHER ORDERED** that Lindell's motion for sanctions (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that a party may serve and file objections to this order within fourteen days of being served with the order. See Fed. R. Civ. P. 72(a). The district judge will consider a timely objection and modify or set aside this order or any part of it if it is clearly erroneous or contrary to law.

Dated at Milwaukee, Wisconsin this 6th day of August, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

5

Case 2:19-cv-00827-LA-WED    Filed 08/06/20    Page 5 of 5    Document 32