UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATE A. LINDELL,
    Plaintiff,

v.                                                                         Case No. 19-C-827

BRIAN GREFF, ANTHONY MELI,
AND LT. JESSIE SCHNEIDER,
    Defendants.

## DECISION AND ORDER

Plaintiff Nate A. Lindell, a Wisconsin state prisoner representing himself, is proceeding on claims that the defendants retaliated against him based on their alleged agreement to keep him in an unfavorable segregation status because he filed grievances and lawsuits. ECF No. 13 at 2, 8. The defendants have filed a motion for summary judgment on the ground that the plaintiff has failed to exhaust his administrative remedies.

## I. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Fed. R. Civ. P. 56(c)(4).

## II. FACTS[1]

The plaintiff is proceeding on First Amendment retaliation claims against defendants Security Director Anthony Meli, Unit Manager Brian Greff, and Lieutenant Jessie Schneider for retaliating against him in 2013 at Waupun Correctional Institution based on their alleged agreement to keep him in an unfavorable segregation status because of his inmate complaints, jailhouse lawyer activity, and Internet posts. ECF No. 19 ¶ 1; ECF No. 13 at 2, 8. The plaintiff filed several offender complaints related to the claims in this case, although the parties do not agree exactly how many he filed. ECF No. 52 ¶ 2.

---

[1] Facts are taken from the Defendants' Proposed Findings of Fact (ECF No. 19), the Plaintiff's Response to the Defendants' Proposed Findings of Fact (ECF No. 49), the Plaintiff's Proposed Finding of Fact (ECF No. 50), and the Defendants' Response to the Plaintiff's Proposed Findings of Fact (ECF No. 52).

2

The defendants initially stated that the plaintiff filed only one offender complaint – WCI-2013-19022 – related to his retaliation claims, which was rejected as moot. ECF No. 19 ¶ 2. The plaintiff, on the other hand, states that he filed ten or eleven offender complaints regarding his claim that the defendants conspired to retaliate against him for exercising his First Amendment rights. ECF No. 50 ¶ 2. In their summary judgment reply brief, the defendants concede that the plaintiff filed three inmate complaints related to his claims: WCI-2013-19022, WCI-2013-5577, and WCI-2013-10976. ECF No. 51 at 3.

### III. DISCUSSION

The defendants contend that this case should be dismissed without prejudice because the plaintiff failed to exhaust his administrative remedies as to any retaliation claims. ECF No. 18 at 1. The plaintiff contends that prison officials, including the defendants, intimidated and obstructed exhaustion of administrative remedies. ECF No. 47 at 2-3. He also contends that he adequately exhausted available remedies. *Id.* at 4-5.

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before

3

litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a) (2002).[2] Before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

To use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). After reviewing and acknowledging

---

[2] The 2002 version of the Wisconsin Administrative Code was in effect in 2013 and I cite to that version in this decision.

each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

As noted above, the defendants agree that the plaintiff filed three offender complaints related to his claims: WCI-2013-19022, WCI-2013-5577, and WCI-2013-10976. ECF No. 51 at 3. Regarding WCI-2013-19022, the defendants contend that this complaint did not exhaust the plaintiff's retaliation claims because it was rejected as moot and because it did not concern retaliation. However, the records from WCI-2013-19022 show that the plaintiff complained of prolonged housing in segregation related to harassment for his litigation activities. ECF No. 20-1 at 8-9. While the plaintiff's offender complaint itself did not mention retaliation for his litigation activities, it references an attached "request slip [he] sent, with Greff's reply – to no avail." ECF No. 20-1 at 8. The attached request slip is an interview/information request that alleges the plaintiff has received conduct reports to harass him for his litigation activities. ECF No. 20-1 at 9. Based on this record, I cannot conclude that WCI-2013-19022 did not concern retaliation.

5

Case 2:19-cv-00827-LA    Filed 02/24/21    Page 5 of 7    Document 54

On October 9, 2013, WCI-2103-19022 was rejected as moot because the plaintiff's complaint that Waupun "is keeping him in segregation for no reason is preposterous[]" because "he chooses to not follow the rules and be disruptive and that is why he has stayed in segregation." ECF No. 20-1 at 8. The ICE Rejection concludes that the issue the plaintiff raised is a "pretend controversy," that the "ICRS will not decide on a right that is either future, contingent, or uncertain[]," and that the "issue presented is moot by definition and rejection is warranted on that basis." *Id.* The plaintiff filed a timely appeal of his rejected inmate complaint. ECF No. 20-1 at 10. The reviewing authority, who reviews only the basis for the rejection, upheld the rejection as appropriate. ECF No. 20-1 at 5.

An offender complaint may be rejected for various reasons such as, (1) the inmate submitted the complaint solely for harassing or injuring a staff member; (2) the inmate does not raise a significant issue; (3) the inmate does not allege sufficient facts upon which redress may be made; (4) the inmate submitted the complaint beyond fourteen days from the date of the occurrence giving rise to the complaint; (5) the issue raised in the complaint does not personally affect the inmate; (6) the issue is moot; (7) the issue has already been addressed through the inmate's prior use of the ICRS; and (8) the issue is not within the scope of the ICRS. Wis. Admin. Code § DOC 310.11(5) (2002). Because inmates must follow the ICRS rules to properly exhaust, sometimes the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust. The defendants do not explain why, in this case, they conclude that the plaintiff failed to exhaust based on the rejection of WCI-2013-19022. The inmate grievance, which alerted staff to the plaintiff's complaint that he was subjected to ongoing placement in segregation in retaliation for filing complaints and grievances, was timely

6

filed and the plaintiff filed a timely appeal to the reviewing authority of the rejection of his grievance. The reviewing authority's decision on review of a rejected offender complaint is final. Wis. Admin. Code § DOC 310.11(6) (2002).

The defendants have not shown that the plaintiff failed to exhaust his administrative remedies. I will therefore deny their motion for summary judgment on exhaustion grounds.[3]

For the reasons stated, **IT IS ORDERED** that the defendants' motion for summary judgment (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a sur-reply brief (ECF No. 53) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2021.

                                                  s/Lynn Adelman_____
                                                  LYNN ADELMAN
                                                  United States District Judge

---

[3] Because I have concluded that WCI-2013-19022 exhausted the plaintiff's retaliation claim, I need not consider the defendants' argument that the statute of limitations ran on any claims that may have been exhausted through earlier offender complaints. Thus, I will also deny the plaintiff's motion to file a sur-reply brief addressed to the statute-of-limitations argument.